UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| AM/NS CALVERT LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00005 |
| CALIFORNIA STEEL INDUSTRIES, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00015 |
| VALBRUNA SLATER STAINLESS, INC.,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>      Defendant. | Court No. 21-00027 |

## PLAINTIFFS' SUPPLEMENTAL BRIEF

On May 19, 2022 at the Consolidated Oral Argument regarding the Government's Motions for Voluntary Remand and by Order dated May 23, 2022, the Court requested (1) supplemental briefing "addressing the significance of" *VoestAlpine USA Corp. v. United States*, 2022 WL 1557325, Slip Op. 22-47 (Ct. Int'l Trade May 17, 2022) ("*VoestAlpine II*") with respect to the instant cases, and (2) Plaintiffs' position as to whether the Court should treat the Government's submissions regarding the effect of liquidation as a motion to dismiss for failure to state a claim under U.S. Court of International Trade ("USCIT") Rule 12(b)(6). We address each question in turn.

A.   *VoestAlpine II* Supports Plaintiffs' Position in These Cases

In response to the Court's first question, *VoestAlpine II* and its significance for these cases could not be more clear: it expressly recognizes that the relief Plaintiffs seek—return of the wrongfully collected duties—is, and always has been, available under 28 U.S.C. § 2643(c)(1) in the "appropriate" circumstances notwithstanding final liquidation of the entries. Indeed, the Court in *VoestAlpine II* recognized that "the court may exercise such authority {to re-liquidate entries} in appropriate cases." *Id.* at *11. However, the Court held that

2

re-liquidation was not appropriate in that case because of the unique facts presented there, as the Court was clear to point out. The facts of *VoestAlpine II* are distinct and reinforce the conclusion that re-liquidation or refund is manifestly appropriate in the instant cases.

### 1. The Facts and the Decision in *VoestAlpine II*

The starting point in *VoestAlpine II*, and a critical fact in the decision, was the recognition that the *VoestAlpine* plaintiffs *had been granted the exclusions they sought.* 2022 WL 1557325 at *4. Because of errors plaintiffs made in their requests, however, the exclusions they received were themselves flawed. Specifically, the plaintiffs' submissions referred to "a non-existent HTSUS provision," which was then included by the U.S. Department of Commerce ("Commerce") in the granted exclusions. *Id.* As a result, plaintiffs could not apply their exclusions *as granted* to their entries.

In May 2019, plaintiffs brought this error to Commerce's attention, "seeking guidance about correcting" their exclusions. *Id.* In response, Commerce advised plaintiffs of the administrative procedure available to correct the errors in the granted exclusions. *Id.* Nevertheless, plaintiffs waited *a year and a half* to seek revision of the

exclusions. *Id.* Commerce obliged and issued the corrected exclusions on December 31, 2020, and made them retroactive to the date of the initial requests. *Id.*

However, between Commerce's initial grant of the exclusions and plaintiffs' belated steps to correct their own errors, certain entries liquidated. *Id.* As a result, plaintiffs could not apply the exclusions to the liquidated entries and recover their duties. *Id.*

The *VoestAlpine* plaintiffs filed suit under § 1581(i) seeking a judgment that "the Government must reliquidate the entr{ies} and refund the section 232 duties." *Id.* They argued, in effect, that, Commerce should have denied their requests due to the HTSUS error and that if it had done so, plaintiffs would have been alerted to *their own mistake*. *Id.* at *4, *12. If that had occurred, plaintiffs argued, they would have been able to timely correct the error and obtain proper exclusions they could use. *Id.* at *12. In other words, according to the *VoestAlpine* plaintiffs, their payment of Section 232 tariffs was Commerce's fault for *granting them* the exclusions they requested. Based on that (flawed) premise, plaintiffs argued that Commerce should be required to re-liquidate the entries and refund the duties paid. The

Government countered that re-liquidation was not an available remedy under 28 U.S.C. § 1581(i) and, in any event, was not appropriate in that case. *Id.* at \*5, \*11-12.

With respect to the availability of re-liquidation as a remedy in Section 1581(i) cases, Chief Judge Barnett concluded, as Plaintiffs urge here, that the remedy is available. As he put it, "{t}o be sure, the court may exercise such authority {to re-liquidate entries} in appropriate cases." *Id.* at \*11. Thus with respect to the scope of this Court's remedial authority, *VoestAlpine II* is squarely in line with Plaintiffs' position—this Court may order re-liquidation or refund for entries that have been liquidated to remedy Commerce's unlawful action if the Court finds it "appropriate" to do so. *Id.* at \*11; *see also* 28 U.S.C. 2643(c)(1); *Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1312 (Fed. Cir. 2004); *J. Conrad Ltd. v. United States*, 457 F. Supp. 3d 1365, 1379 (Ct. Int'l Trade 2020).

Chief Judge Barnett, however, concluded that re-liquidation was not "appropriate" under the facts presented. *VoestAlpine II*, 2022 WL 1557325 at \*12. The language in Proclamation 9777 and guidance from Commerce and U.S. Customs and Border Protection ("CBP"), the court

5

observed, expressly limits retroactive tariff refunds for *granted* exclusions to those entries that had not liquidated at the time the exclusions were granted. *Id.* at *11.[1]

Because the *VoestAlpine II* plaintiffs had in fact been granted exclusions but failed to timely correct the error before liquidation occurred (despite receiving precise instructions from Commerce), the

---

[1] *See Adjusting Imports of Steel Into the United States*, Proclamation 9777, 83 Fed. Reg. 45,025, 45,028 (Aug. 29, 2018) ("Proclamation 9777") (providing a refund procedure where "the Secretary determines that a particular steel article should be excluded"); U.S. Customs and Border Prot., CSMS # 42566154 – Section 232 and Section 301 – Extensions Reqs., PSCs, and Protest, https://content.govdelivery.com/accounts/USDHSCBP/bulletins/ 289820a (May 1, 2020, 5:05 PM) ("CSMS # 42566154") (noting that "Section 232 . . . product exclusions *granted by the DOC* . . . may be retroactive for unliquidated entries" (emphasis added)). The Government's insistence during oral argument that these sources informed Plaintiffs of their obligation to take some protective action is wrong. These procedures apply only where Commerce has *granted* exclusions, not when it *denies* exclusions. CSMS # 42566154, *supra* ("*If a product exclusion has been granted*, an importer of record (IOR) may request a refund by filing a corrective action with CBP by filing a post summary correction (PSC) for unliquidated entries or file a protest for entries that have liquidated but where the liquidation is not final and the protest period has not expired." (emphasis added)). Likewise, CBP guidance is also clear that liquidation may only be suspended "in situations where the importer has requested a product exclusion *and the request is pending with {Commerce}*." *Id.* (emphasis added)*; see also id.* ("{T}his guidance serves to provide information . . . to preserve and/or extend the timeframes in which corrective action can be filed on entry summaries related to Section 232 {exclusions} . . . that have been submitted to the U.S. Department of Commerce (DOC) . . . *and a decision on the requested exclusion(s) has not yet been rendered.*" (emphasis added)); *see generally* Joint Memorandum of Law in Response to Defendant's Response to the Court's January 18, 2022 Order, Court No. 21-00005, ECF No. 63; Court No 21-00015, ECF No. 59; Court No. 21-00027, ECF No. 52 at 28-39 (explaining that the administrative framework CBP established pertains only to granted requests). In other words, once Commerce denies an exclusion request there is no administrative process to prevent CBP from liquidating entries and applying the 232 duties.

relief sought was, understandably, deemed inappropriate. As the Court stated, "a claim based on Commerce's alleged improper grant of the erroneous exclusions" raises "nothing from which the Court may infer a 'plausible claim' for refunds through reliquidation." *Id.* at *12. That is, relief is not appropriate for plaintiffs who "dropped the ball." *See ARP Materials, Inc. v United States*, 520 F. Supp. 3d 1341, 1362 (Ct. Int'l Trade 2021). Unlike the plaintiffs in *VoestAlpine II* and *ARP Materials*, Plaintiffs here were *never granted the ball*.

> 2. **The Distinctions Between these Cases and *VoestAlpine II* Demonstrate that Refund or Re-liquidation Is Manifestly Appropriate in these Cases**

These cases are the converse of *VoestAlpine II.* The unlawful action Plaintiffs challenge is Commerce's arbitrary and capricious *denials* of Plaintiffs' exclusion requests. The Proclamations and the regulations are clear that, had Commerce granted Plaintiffs' requests, Plaintiffs' entries would not be subject to the tariffs.

Proclamation 9777 states, "{i}f the Secretary determines that a particular steel article should be excluded, the Secretary ***shall*** . . . notify U.S. Customs and Border Protection (CBP) of the Department of Homeland Security concerning such article *so that it **will be** excluded*

7

*from the duties.*" Proclamation 9777, *supra* note 1, 83 Fed. Reg. at 45,028 (emphasis added). Likewise, the regulations state that, if Commerce grants an exclusion, "{o}ther agencies of the U.S. Government, such as CBP, **will** *take any additional steps needed* to implement {the} approved exclusion request{s}." 15 C.F.R. pt. 705, supp. 1(h)(3)(ii) (emphasis added).[2] However, by their terms, these administrative procedures hinge on the ***granting*** of an exclusion. If Commerce denies a party's exclusion requests, CBP has no choice but to liquidate while applying the tariffs. *See Maple Leaf Mktg., Inc. v. United States*, 528 F. Supp. 3d 1365, 1378 n.13 (Ct. Int'l Trade 2021) (holding that the collection of Section 232 duties is non-protestable because it is CBP's "implementation of the President's proclamations over which CBP has no control"). At that point, the only remedy left for the denied party is to bring the cases Plaintiffs have filed to challenge *Commerce's* wrongful *denials.*

---

[2] Indeed, the requirement to exclude certain entries comes from the same source of authority as the requirement to impose 25 percent *ad valorem* tariffs on imports of steel: the Proclamations. Chief Judge Barnett did not cite the above provisions of the regulations or the Proclamations, likely because they were irrelevant on the facts of *VoestAlpine II*. The question of whether the limitations on tariff refunds for granted exclusion requests also apply to the denied exclusion requests only granted after judicial review was not before the Court in *VoestAlpine II*.

This is what makes the instant cases and *VoestAlpine II* factual opposites. While the *VoestAlpine* plaintiffs were granted exclusions, the Plaintiffs in the instant cases were denied exclusions. Moreover, while the *VoestAlpine* plaintiffs had an available administrative remedy that they failed to pursue for their granted exclusions, Plaintiffs have never had an administrative remedy for their denied exclusions. Finally, while the *VoestAlpine* plaintiffs committed an error in their exclusion requests, Plaintiffs made no such error—instead, Commerce wrongly denied their requests. Because Plaintiffs' exclusions were never granted, they had no recourse, except to bring these cases. As a result, unlike in *VoestAlpine II*, re-liquidation or monetary relief are "appropriate" remedies here because they are the only remedies available to Plaintiffs for the wrongful imposition of the 232 duties.

The instant cases fall squarely under the purview of *Bowen v. Massachusetts*, where the Supreme Court permitted Massachusetts to recover Medicaid reimbursement payments to which it was entitled by statute, but which the Department of Health and Human Services wrongfully withheld. 487 U.S. 879, 893 (1988). Like the plaintiff in *Bowen*, Plaintiffs here are simply seeking the return of their property

9

(the Section 232 tariff monies) the Government wrongfully retained as a result of Commerce's unlawful denials of Plaintiffs' exclusion requests. By contrast, the *VoestAlpine* plaintiffs had no *Bowen* claim because it was their failure to avail themselves of available administrative procedures, not unlawful agency action, that led to the imposition of the tariffs and the Government's retention of those plaintiffs' tariff monies. *VoestAlpine II*, 2022 WL 1557325 at *11-12.

If Plaintiffs are correct that Commerce's denials of their exclusions were unlawful, the Government's collections of duties as a result of the unlawful denials are also unlawful. In these circumstances, it is "appropriate" to remedy the wrong occasioned by Commerce's denials by ordering the return of Plaintiffs' property by re-liquidation or refund. As *Bowen* held, this type of specific relief is always available under the APA. 487 U.S. at 891.

### B.   The Court May Treat the Government's Motion as One for Dismissal Under Rule 12(b)(6)

Finally, in response to the Court's question as to whether Plaintiffs "consent to the court treating the papers filed in connection with the Government's remand motions as full briefing on a motion to dismiss under USCIT Rule 12(b)(6)," Plaintiffs consent.

Moreover, whether the Parties consent or not, the Court could *sua sponte* treat the briefing as a motion to dismiss. *See, e.g.*, *Banks v. Corr. Corp. of Am.*, 2012 WL 4321716, at *1 n.2 (W.D. Tenn. Sept. 20, 2012) (holding a motion to dismiss for lack of subject matter jurisdiction "is more appropriately deemed a motion to dismiss for failure to state a claim on which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6)"); *Macy's Inc. v. Initiative Legal Grp.*, 2015 WL 12655379, at *2 (C.D. Cal. May 12, 2015) (deeming a motion to strike as a motion to dismiss); *Wilcox v. Career Step*, 2010 WL 624863, at *10 (D. Utah Feb. 19, 2010) (deeming defendants' motions to "join" a pending motion to dismiss as "independent motions to dismiss" even though plaintiff had "substantively responded" to each motion because "the same reasoning applies" to each motion); *Joshi-Tope v. Cold Spring Harbor Lab'y*, 2007 WL 4748059, at *1 (E.D.N.Y. Nov. 8, 2007) (deeming a letter filed by defendants as a motion to dismiss).

In fact, as the Government made clear during argument, Defendant's position is also that these claims are moot. As a result, the Court should analyze Defendant's collective papers as a motion to dismiss for failure to state a claim and for mootness.

Respectfully submitted:

*/s/ R. Alan Luberda*
R. Alan Luberda
Paul C. Rosenthal
Joshua R. Morey
Julia A. Kuelzow
**KELLEY DRYE & WARREN LLP**
3050 K Street, N.W., Suite 400
Washington, D.C. 20007
(202) 342-8400
aluberda@kelleydrye.com

*Counsel to AM/NS Calvert LLC*

*/s/ Sanford Litvack*
Sanford Litvack
Andrew L. Poplinger
R. Matthew Burke
Rebecca Meyer
**CHAFFETZ LINDSEY LLP**
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax. (212) 257-6950
s.litvack@chaffetzlindsey.com
a.poplinger@chaffetzlindsey.com

*Counsel for Plaintiff California Steel Industries, Inc.*

*/s/ Craig A. Lewis*
Craig A. Lewis, Esq.
Maria A. Arboleda, Esq.
Nicholas W. Laneville, Esq.
Molly B. Newell, Esq.
**HOGAN LOVELLS US LLP**
Columbia Square
555 Thirteenth Street, N.W. Washington, DC 20004-1109
(202) 637-8613
craig.lewis@hoganlovells.com

*Counsel to Valbruna Slater Stainless, Inc.*

Dated:   New York, New York
         June 9, 2022

12

## CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that Plaintiffs' Supplemental Brief filed on June 9, 2022 complies with the word limitation requirement. The word count for this filing, as computed by Chaffetz Lindsey LLP's word processing system, is 2,231.

*/s/ Sanford Litvack*
Sanford Litvack