FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82538**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82538**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                                         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

International Trade Administration (ITA)
Recommendation Document for Denial of Steel Exclusion Requests Under Section 232

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions. Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

_____

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities. *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of

4

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82953**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 950 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82953**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities. *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI. U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month." U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence. CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of

4

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82957**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82957**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                                   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of

4

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States,*
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82962**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82962**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security     Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82962, 82989, 83011
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 1,150 mm to 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,150 mm  through 1,850 mm plus or minus 15 mm (1,135 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

3

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82962 | 220 mm +/- 7 mm | 1,150 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82989 | 220 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83011 | 220 mm +/- 7 mm | 1,850 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82989**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82989**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                    __February 6, 2024__

Director, Office of Strategic Industries and Economic Security            Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82962, 82989, 83011
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 1,150 mm to 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,150 mm  through 1,850 mm plus or minus 15 mm (1,135 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

2

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82962 | 220 mm +/- 7 mm | 1,150 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82989 | 220 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83011 | 220 mm +/- 7 mm | 1,850 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82991**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #82991**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                   **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                    Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities. *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 82996**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1400  mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

## DECISION ON EXCLUSION REQUEST #82996

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security   Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83003**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83003**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_          __February 6, 2024__

Director, Office of Strategic Industries and Economic Security         Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---
[1] See the table below for the specific dimensions for each request included in this memo.

1

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83005**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83005**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

_Eric Longnecker_           <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82538, 82953, 82957, 82991, 82996, 83003, 83005
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 950 mm to 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm through 1,550 mm plus or minus 15 mm (935 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities. *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 82538 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82953 | 220 mm +/- 7 mm | 950 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82957 | 220 mm +/- 7 mm | 1,050 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82991 | 220 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82996 | 220 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83003 | 220 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83005 | 220 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83011**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1850 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83011**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Eric Longnecker*                                             **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 82962, 82989, 83011
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                        United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 220 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 220 mm and width across these requests, ranging from 1,150 mm to 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,150 mm  through 1,850 mm plus or minus 15 mm (1,135 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
| --- | --- | --- | --- |
| 82962 | 220 mm +/- 7 mm | 1,150 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 82989 | 220 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83011 | 220 mm +/- 7 mm | 1,850 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83015**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83015**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83015, 83026, 83037, 83039, 83076
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor),
                        United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,300 mm plus or minus 15 mm (1,010 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83015 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83026 | 225 mm +/- 7 mm | 1,200 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83037 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83039 | 225 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83076 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83019**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83019**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83026**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83026**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security             Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83015, 83026, 83037, 83039, 83076
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor),
                       United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,300 mm plus or minus 15 mm (1,010 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83015 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83026 | 225 mm +/- 7 mm | 1,200 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83037 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83039 | 225 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83076 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83031**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83031**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

**_Eric Longnecker_**           **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

2

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities. *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

4

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83037**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83037**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83015, 83026, 83037, 83039, 83076
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,300 mm plus or minus 15 mm (1,010 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI. U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month." U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence. CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83015 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83026 | 225 mm +/- 7 mm | 1,200 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83037 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83039 | 225 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83076 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83039**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83039**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*            __February 6, 2024__

Director, Office of Strategic Industries and Economic Security       Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83015, 83026, 83037, 83039, 83076
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,300 mm plus or minus 15 mm (1,010 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83015 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83026 | 225 mm +/- 7 mm | 1,200 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83037 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83039 | 225 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83076 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83043**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1400 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83043**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_**Eric Longnecker**_                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                        Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor),
                     United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

1

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83046**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83046**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83049**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83049**

_____**X**_____ I approve denying this exclusion request.

_____ I do not approve denying this exclusion request.

_____ I would like to discuss.

_**Eric Longnecker**_ _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83051**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83051**

| X | I approve denying this exclusion request. |
|---|---|
| | I do not approve denying this exclusion request. |
| | I would like to discuss. |

**_Eric Longnecker_**                                   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                              Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm.  These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request.  CSI does not challenge U.S. Steel's representation.  As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel."  In support of these claims of quality issues, CSI provided confidential information with its rebuttals.  However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…"  To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product.  Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83075**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83075**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
_____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion
requests. Pursuant to the relevant regulations, when an exclusion request has been objected to
"the U.S. Department of Commerce will review each exclusion request to determine whether an
article described in an exclusion request meets any of the following three criteria: the article is
not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does
not mean the steel needs to be identical, but it does need to be equivalent as a substitute product."
*See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value
for thickness specifying the requested thickness minimum and maximum are 225 mm. For these
requests CSI also provides a single value for width for each individual request, but the exact
width specified is varied across the requests.[1]  However, in the comments of the requests, CSI
provides tolerances for these requested dimensions, stating "Actual thickness products may vary
by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm."
As a result, SME analysis was requested to determine if the requested specifications are in
conflict. The SME recognized the inconsistency and explained this could potentially create
ambiguity as to the exact specifications of the requested product. However, because U.S. Steel
does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S.
Steel has certified that it can produce an identical product for the full range of dimensions, ITA
has concluded that the inconsistencies between the request forms and comments are immaterial.
Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these
requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can
or could produce a product that meets the same range of the requested specifications for
thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished
slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI. U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month." U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence. CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers. CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time." In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product. In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks. In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame. Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues. Based on analysis of

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83076**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83076**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

International Trade Administration (ITA)
Recommendation Document for Denial of Steel Exclusion Requests Under Section 232

Exclusion Request IDs: 83015, 83026, 83037, 83039, 83076
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1] In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15

---

[1] See the table below for the specific dimensions for each request included in this memo.

mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,300 mm plus or minus 15 mm (1,010 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet

its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume. In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the

few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83015 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83026 | 225 mm +/- 7 mm | 1,200 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83037 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83039 | 225 mm +/- 7 mm | 1,300 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83076 | 225 mm +/- 7 mm | 1,275 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: 83078**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in the chemical composition section of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated September 5, 2020. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #83078**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

February 6, 2024

Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request IDs: 83019, 83031, 83043, 83046, 83049, 83051, 83075, 83078
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection to each request filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:
"The exclusion review criterion 'not produced in the United States in a satisfactory quality' does not mean the steel needs to be identical, but it does need to be equivalent as a substitute product." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(ii) (2018). In its requests, CSI provides a single value for thickness specifying the requested thickness minimum and maximum are 225 mm. For these requests CSI also provides a single value for width for each individual request, but the exact width specified is varied across the requests.[1]  However, in the comments of the requests, CSI provides tolerances for these requested dimensions, stating "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." As a result, SME analysis was requested to determine if the requested specifications are in conflict. The SME recognized the inconsistency and explained this could potentially create ambiguity as to the exact specifications of the requested product. However, because U.S. Steel does not claim that CSI's requests are ambiguous in regards to the thickness and width, and U.S. Steel has certified that it can produce an identical product for the full range of dimensions, ITA has concluded that the inconsistencies between the request forms and comments are immaterial. Further, CSI does not make any rebuttal claims about U.S. Steel's ability to produce these requested dimensions.  Therefore, ITA concludes and accepts U.S. Steel's certification that it can or could produce a product that meets the same range of the requested specifications for thickness and width, as those in CSI's requests.

In addition, in its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection to each request, U.S. Steel likewise

---

[1] See the table below for the specific dimensions for each request included in this memo.

acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection to each request and found that U.S. Steel matches the chemical composition and dimensional specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "U.S. Steel can continuously cast steel slab that is 8.00, 8.75, 9.11, 9.60, and 12.00 inches thick and up to 480 inches long." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width across these requests, ranging from 1,025 mm to 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm through 1,600 mm plus or minus 15 mm (1,010 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection to each request and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

In its objection and surrebuttal to each request, U.S. Steel claims the requests are defective because the chemical composition of CSI's requested product could represent multiple products instead of a single product. U.S. Steel claims that the minimum and maximum values of certain chemicals such as niobium, vanadium, chromium and boron have ranges that would be acceptable for manufacturing various products in addition to the requested product. Nevertheless, U.S. Steel, in its objection to each request, states it can or could produce the same chemistry specifications as those in each request. CSI does not challenge U.S. Steel's representation. As such, this claim by U.S. Steel is moot.

CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI claims in its exclusion requests and rebuttals, however, that slabs previously purchased from U.S. Steel have had quality issues, noting "…the poor quality of some steel slab from U.S. Steel resulted in significant downstream customer problems, resulting in claims by customers against CSI, and claims by CSI against U.S. Steel." In support of these claims of quality issues, CSI provided confidential information with its rebuttals. However, the confidential information references invoices that pre-date the filing of these exclusion requests and do not provide specifications of the products pertaining to the quality issues, making it unclear if any of the referenced quality issues related to the specific product subject to these exclusion requests. In U.S. Steel's objection to each request, it states its slab does not currently have any quality issues, claiming that "any such problems… have been resolved with CSI's approval and U.S. Steel's product remains suitable and qualified…" To support this, U.S. Steel submitted a surrebuttal to each rebuttal, and an accompanying attachment, in which it reiterates there are no current quality issues preventing U.S. Steel from providing the requested product. Although CSI and U.S. Steel each acknowledge prior quality issues with U.S. Steel's slab, CSI acknowledges that it currently

purchases the subject slab from U.S. Steel and affirmatively identifies U.S. Steel as a qualified supplier of the requested product. This finding is further corroborated by U.S. Steel in its surrebuttals and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its requests and rebuttals, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. In the attachment to its rebuttals, CSI confirms that U.S. Steel provided 28 percent of CSI's total slab purchases in 2019 and 10 percent of its total slab purchases in the first half of 2020. CSI also states that U.S. Steel offered a volume of 20,000 to 40,000 net tons per month which would only meet 50 percent of its needs. While CSI also submitted a confidential attachment to its rebuttals, there is no information in CSI's confidential attachment supporting CSI's claim that U.S. Steel cannot produce 100 percent of the requested volume.  In its objection to each request, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. U.S. Steel states in an attachment to its objection to each request that it had previously entered into a one-year supply contract with CSI in August 2018, which CSI declined to extend, and subsequent supply has been provided via spot sales. U.S Steel asserts it has not set a maximum slab quantity for CSI.  U.S. Steel also submitted a surrebuttal to each rebuttal, and accompanying attachment, in which U.S. Steel confirms that it currently supplies slabs to CSI, and further notes that it is open to producing additional volume and that the current volume represents the maximum that CSI would commit to buy. In addition, U.S. Steel submitted a confidential attachment to its surrebuttals which it publicly notes contains its external slab sales from January 2018 through June 2020. U.S. Steel states that the attachment "…confirms that the Rebuttal understates the volume of slab CSI purchased from U.S. Steel in 2019 and contradicts CSI's unsupported assertion that U.S. Steel is unwilling to supply more than 40,000 net tons of slab per month."  U.S. Steel argues that the decline in CSI's volume of slab purchases is due in part to CSI's decision to not purchase the full volume offered by U.S. Steel in 2020. U.S. Steel also provided a confidential attachment to demonstrate that CSI declined spot sale offers from U.S. Steel until after quota for Brazilian products became available in October 2019. ITA analyzed CSI's rebuttal arguments and both its public and confidentially submitted evidence.  CSI provided no information or supporting documentation that ITA finds demonstrates that U.S. Steel cannot manufacture the requested quantity of the product at the

three plants it has listed. In particular, CSI does not address or rebut U.S. Steel's claims that it was CSI's decision not to extend its contract with U.S. Steel into 2020, nor to purchase via spot sales from U.S. Steel in late 2019. As such, and based on the totality of evidence provided by both CSI and U.S. Steel on the record of these exclusion requests, ITA finds it appropriate to give greater weight to U.S. Steel's statements here, which appear credible on their face and in light of their certifications, because U.S. Steel is in a better position than CSI to know the limits of its own production schedule and ability to produce the full volume of the requested product. Therefore, ITA finds that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity.

Moreover, CSI, in addition to confirming that U.S. Steel produces the requested product, acknowledges that it has intentionally limited its purchases of slab from domestic manufacturers due to the geographic distance and high transportation costs between CSI and the plants of U.S. Steel and other manufacturers.  CSI explains its reasons for limiting domestic purchases: "…the few remaining integrated mills in the U.S. that have slab production capability for their own use are located along the Mississippi River or further east. Even if those mills wanted to sell slabs to Western slab converters, including CSI, transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." A company's economic justifications for not purchasing more of the available product from domestic manufacturers such as U.S. Steel, however, are not among the regulatory criteria that form part of Commerce's analysis for granting or denying a request based on availability.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). CSI, in its attachment to the exclusion requests, rebuttal forms, and attachment to the rebuttals, argues that past shipments of slabs from U.S. Steel have been delayed and have taken longer than eight weeks. CSI states, in its rebuttals, that "almost 50% of U.S. Steel shipment to CSI in 2018-2019 exceeded 8 weeks lead time."  In support of this claim, CSI submits a confidential attachment to its rebuttals regarding delivery issues related to 2018-2019 sales. U.S. Steel, in its surrebuttal forms and attachment to the surrebuttals, argues, however, that a requirement for production and delivery in eight weeks did not apply to these past contracts and spot sales it negotiated with CSI, in which "CSI repeatedly indicated that most shipments were for stock and, as such, did not require priority delivery." Otherwise, U.S. Steel confirms in its surrebuttals and confidential attachment to the surrebuttals that it can immediately (*i.e.,* within eight weeks) produce the requested product.  In particular, U.S. Steel provided evidence, consisting of its certified responses and confidential delivery and shipping data, supporting that U.S. Steel is able to produce and deliver the requested product within eight weeks.  In fact, based on CSI's own statements, more than 50% of past deliveries have occurred within the 8-week time frame, illustrating that U.S. Steel produces or could produce requested product within the required time frame.  Moreover, there is nothing in CSI's documentation that demonstrates that current and future production and deliveries are impacted by any past delivery issues.  Based on analysis of

4

this information and the entirety of the record, ITA concludes that these exclusion requests have not satisfied the regulatory criteria of showing that the product is not currently being produced or could not be produced by U.S. Steel "… 'within eight weeks' in the amount needed in the business activities of the {requestor}." Therefore, ITA finds that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

**Dimensions Included in CSI's Exclusion Requests**

| Exclusion Request ID | CSI's Requested Thickness | CSI's Requested Width | CSI's Requested Length Range |
|---|---|---|---|
| 83019 | 225 mm +/- 7 mm | 1,075 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83031 | 225 mm +/- 7 mm | 1,250 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83043 | 225 mm +/- 7 mm | 1,400 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83046 | 225 mm +/- 7 mm | 1,450 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83049 | 225 mm +/- 7 mm | 1,550 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83051 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83075 | 225 mm +/- 7 mm | 1,025 mm +/- 15 mm | 4,570 mm – 10,975 mm |
| 83078 | 225 mm +/- 7 mm | 1,600 mm +/- 15 mm | 4,570 mm – 10,975 mm |

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-4996**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1125 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-4996**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-4996
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,125 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,125 mm plus or minus 15 mm (1,110 mm to 1,140 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-4999**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-4999**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

_Eric Longnecker_        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-4999
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.


"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

 Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5003**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5003**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                 **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5003
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.


"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5008**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5008**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5008
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.


"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5035**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5035**

_____X_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5035
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5042**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1120 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5042**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*        __February 6, 2024__

Director, Office of Strategic Industries and Economic Security      Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5042
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,120 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,120 mm plus or minus 15 mm (1,105 mm to 1,135 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5047**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5047**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5047
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5054**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1325 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5054**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5054
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,325 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,325 mm plus or minus 15 mm (1,310 mm to 1,340 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5062**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5062**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                               **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                  Date

International Trade Administration (ITA)
Recommendation Document for Denial of Steel Exclusion Request Under Section 232

Exclusion Request ID: 2018-0006-5062
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5067**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 215 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5067**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                                     Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5067
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5073**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5073**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

**_Eric Longnecker_**                                    **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5073
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5076**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1120 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5076**

| | |
|---|---|
| _____ **X** _____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Eric Longnecker*
_____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5076
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,120 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,120 mm plus or minus 15 mm (1,105 mm to 1,135 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5283**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1125 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5283**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker* _____                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5283
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,125 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,125 mm plus or minus 15 mm (1,110 mm to 1,140 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5286**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5286**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5286
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5289**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5289**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5289
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5291**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5291**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker* _____          **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5291
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5292**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5292**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_          <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5292
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5293**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1325 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5293**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5293
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,325 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,325 mm plus or minus 15 mm (1,310 mm to 1,340 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5294**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5294**

_____ **X** _____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                           **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5294
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5297**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 220 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5297**

_____ **X** _____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

International Trade Administration (ITA)
Recommendation Document for Denial of Steel Exclusion Request Under Section 232

Exclusion Request ID: 2018-0006-5297
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5300**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5300**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5300
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5303**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5303**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker* _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security         Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5303
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5304**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1475 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5304**

_____ **X** _____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5304
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,475 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,475 mm plus or minus 15 mm (1,460 mm to 1,490 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5307**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5307**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*  _____                    **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                 Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5307
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI did not submit a rebuttal, and thus does not dispute U.S. Steel's objection and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product neither in its request form nor in its attachment to its request.  The only mention of U.S. Steel by CSI is its identification of U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. Based on analysis of the information submitted, and in the absence of any contradicting evidence, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce 100 percent of the requested volume within eight weeks.  In its request, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume but asserts that U.S. Steel only makes minimal quantities available for purchase on the commercial market, and thus, CSI is reliant on imported product to meet its volume slab requirements. While CSI cites to various past studies related to U.S. slab production in general, CSI provides no evidence that is specific to U.S. Steel's current slab manufacturing capabilities.  In its objection, U.S. Steel confirms that it "has additional steelmaking capacity to supply greater, ongoing quantities" to CSI.  Further, in its objection attachment, U.S. Steel points to the studies referenced by CSI and refers to them as "outdated," and notes that the studies pre-date "the significant reduction in U.S. capacity utilization that has occurred because of the increase in imports."  U.S. Steel further explains that it "has significant excess production capacity and is able to meet 100% of the volume cited in CSI's exclusion request."  ITA analyzed CSI's exclusion request form and attachment and concluded that there was not sufficient information to contradict U.S. Steel's certified statements that U.S. Steel currently produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, CSI cited to general studies about domestic slab production that U.S. Steel rebutted with more contemporaneous statements regarding its own specific and current production abilities.  Based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's certified and more contemporaneous statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product in the requested quantity.

Moreover, CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from domestic manufacturers have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that " ...the few remaining integrated mills in the U.S. that have slab production capability

for their own use are located along the Mississippi River or further East… transportation costs pose a significant hurdle to providing a good business opportunity for any of the parties, as rail is much more expensive than ocean transport." However, CSI's economic reasons for not purchasing more of the requested product from domestic manufacturers such as U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criterion, ITA analyzed CSI's exclusion request form and attachment and concluded that CSI made no statements to address this criterion either in general or in relation to U.S. Steel specifically, and as such, nothing is on the record to contradict U.S. Steel's certified statements that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Therefore, ITA has determined that, based on the information on this record, U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5309**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5309**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5309
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor)
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5313**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5313**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5313
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5319**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5319**

_____**X**_____         I approve denying this exclusion request.

_____         I do not approve denying this exclusion request.

_____         I would like to discuss.

*Eric Longnecker* _____                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5319, 2018-0006-8308
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5322**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1125 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5322**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
_____

**February 6, 2024**

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5322, 2018-0006-8309
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,125 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,125 mm plus or minus 15 mm (1,110 mm to 1,140 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5328**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5328**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5328
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5329**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1120 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5329**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                                     **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                         Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5329
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,120 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,120 mm plus or minus 15 mm (1,105 mm to 1,135 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5336**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1125 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5336**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                                     **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5336
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,125 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,125 mm plus or minus 15 mm (1,110 mm to 1,140 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5340**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5340**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*                                                  **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5340
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5341**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5341**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5341
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5344**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1225 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5344**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5344
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,225 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,225 mm plus or minus 15 mm (1,210 mm to 1,240 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5348**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5348**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

**_Eric Longnecker_**             **February 6, 2024**

Director, Office of Strategic Industries and Economic Security       Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5348, 2018-0006-8311
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5349**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1175 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5349**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

_**Eric Longnecker**_                **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5349
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,175 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,175 mm plus or minus 15 mm (1,160 mm to 1,190 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5350**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5350**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*             **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5350
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5353**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5353**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

International Trade Administration (ITA)
Recommendation Document for Denial of Steel Exclusion Request Under Section 232

Exclusion Request ID: 2018-0006-5353
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

 "SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5358**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5358**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                      **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5358
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5360**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5360**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker* _____          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5360
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5362**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1325 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5362**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5362
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,325 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,325 mm plus or minus 15 mm (1,310 mm to 1,340 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5364**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5364**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

___Eric Longnecker___                                **February 6, 2024**

Director, Office of Strategic Industries and Economic Security              Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5364
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5366**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5366**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_Eric Longnecker_                                    __February 6, 2024__

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5366
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5371**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5371**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                     Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5371
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5373**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 950 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5373**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_Eric Longnecker_         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5373
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 950 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 950 mm plus or minus 15 mm (935 mm to 965 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5375**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 the Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5375**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5375
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5376**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5376**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5376
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5378**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5378**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*                                     **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5378, 2018-0006-8398, 2018-0006-16995, 2018-0006-23697
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
              United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106," and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5380**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5380**

_____X_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5380
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5381**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1325 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5381**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_**Eric Longnecker**_ _____          __February 6, 2024__

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5381
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):      AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                  United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,325 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,325 mm plus or minus 15 mm (1,310 mm to 1,340 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5382**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5382**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5382, 2018-0006-8407
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5383**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1375 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5383**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*　　　　　　　　February 6, 2024

Director, Office of Strategic Industries and Economic Security　　　　Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5383
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,375 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,375 mm plus or minus 15 mm (1,360 mm to 1,390 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5385**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1400 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5385**

_____X_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5385, 2018-0006-8424
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,400 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,400 mm plus or minus 15 mm (1,385 mm to 1,415 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5386**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5386**

_____ **X** _____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

_**Eric Longnecker**_ _____

**February 6, 2024**

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5386
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5389**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5389**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*              __February 6, 2024__

Director, Office of Strategic Industries and Economic Security       Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5389
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5390**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1425 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5390**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5390
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):      AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                  United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,425 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,425 mm plus or minus 15 mm (1,410 mm to 1,440 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5392**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5392**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5392
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,450 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,450 mm plus or minus 15 mm (1,435 mm to 1,465 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5393**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5393**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

_**Eric Longnecker**_ _____

**February 6, 2024**

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5393
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5395**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1475 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5395**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*       __February 6, 2024__

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5395, 2018-0006-8432
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,475 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,475 mm plus or minus 15 mm (1,460 mm to 1,490 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5397**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1525 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5397**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**
Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5397
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                     United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation.  The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,525 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,525 mm plus or minus 15 mm (1,510 mm to 1,540 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5399**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5399**

_____ **X** _____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5399
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation.  The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5402**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5402**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5402
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5404**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5404**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*        <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5404
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5409**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5409**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5409
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation.  The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5452**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5452**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_                <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security         Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5452
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                     United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the
exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been
objected to "the U.S. Department of Commerce will review each exclusion request to determine
whether an article described in an exclusion request meets any of the following three criteria: the
article is not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is
the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current
manufacturer of an identical product to the product in the request. ITA analyzed the objection
and found that U.S. Steel matches the chemical composition specifications listed in the request.
In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range
of the requested specifications with its statement, "Liquid steel can be continuously cast into slab
form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable
lengths through 480"." These values were converted to metric units using the conversion factor
of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is
limited by the precision of the original values in the calculation.  The conversions for thickness
and width were limited to three significant digits, while length was limited to two significant
digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm,
231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The
exclusion request specifies a thickness of 215 mm and width of 1,300 mm, noting "Actual
thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by
plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm.
Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to
222 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of
4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and
certified statements indicate that U.S. Steel can meet a thickness, width, and length within the
range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5455**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5455**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker* _____          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5455
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5458**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1400 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5458**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5458
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation.  The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,400 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,400 mm plus or minus 15 mm (1,385 mm to 1,415 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's delivery times, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5464**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5464**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

February 6, 2024

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5464
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,450 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,450 mm plus or minus 15 mm (1,435 mm to 1,465 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5468**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 215 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5468**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5468
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):     Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 215 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 215 mm plus or minus 7 mm (208 mm to 222 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5476**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 950 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5476**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*           **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5476
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation.  The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 950 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 950 mm plus or minus 15 mm (935 mm to 965 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5479**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5479**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5479
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                        United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5481**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5481**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

__February 6, 2024__

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5481
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

 In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5483**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5483**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*_____        __February 6, 2024__
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5483
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5485**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5485**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5485
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5487**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5487**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5487
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):      AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                  United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5492**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5492**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5492
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5494**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1225 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5494**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5494
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,225 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,225 mm plus or minus 15 mm (1,210 mm to 1,240 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5496**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5496**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5496
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5497**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5497**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5497
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5499**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5499**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker* _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5499
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5501**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1400 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5501**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
_____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5501
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,400 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,400 mm plus or minus 15 mm (1,385 mm to 1,415 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5507**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

## DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5507

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                                   February 6, 2024
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5507
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,450 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,450 plus or minus 15 mm (1,435 mm to 1,465 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5509**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 950 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5509**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_ _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5509
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 950 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 950 mm plus or minus 15 mm (935 mm to 965 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5511**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1850 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5511**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5511
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
              United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,850 mm plus or minus 15 mm (1,835 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-5513**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 220 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-5513**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-5513
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 220 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 220 mm plus or minus 7 mm (213 mm to 227 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8130**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8130**

_____**X**_____ I approve denying this exclusion request.

_____ I do not approve denying this exclusion request.

_____ I would like to discuss.

_**Eric Longnecker**_

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8130, 2018-0006-8295
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8134**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1090 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8134**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8134
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,090 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,090 mm plus or minus 15 mm (1,075 mm to 1,105 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8135**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

## DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8135

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_

Director, Office of Strategic Industries and Economic Security

February 6, 2024

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8135, 2018-0006-8296
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8240**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8240**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8240
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8244**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8244**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8244
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8246**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8246**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*         __February 6, 2024__

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8246
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8249**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8249**

| | |
|---|---|
| _____**X**_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Eric Longnecker* _____      February 6, 2024

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8249, 2018-0006-8298, 2018-0006-18432
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8251**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8251**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

***Eric Longnecker***                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security           Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8251
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8254**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8254**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8254, 2018-0006-8299
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8257**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8257**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

_Eric Longnecker_                                              **February 6, 2024**
Director, Office of Strategic Industries and Economic Security              Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8257
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8260**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1425 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8260**

| | |
|---|---|
| _____**X**_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

*Eric Longnecker*        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8260, 2018-0006-8300
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,425 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,425 mm plus or minus 15 mm (1,410 mm to 1,440 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8262**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1475 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated March 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8262**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

February 6, 2024

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8262
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,475 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,475 mm plus or minus 15 mm (1,460 mm to 1,490 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8272**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8272**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                      **February 6, 2024**

Director, Office of Strategic Industries and Economic Security           Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8272, 2018-0006-18452
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8276**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8276**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                     Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8276, 2018-0006-8301
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the
exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been
objected to "the U.S. Department of Commerce will review each exclusion request to determine
whether an article described in an exclusion request meets any of the following three criteria: the
article is not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is
the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current
manufacturer of an identical product to the product in the requests. ITA analyzed the objection
and found that U.S. Steel matches the chemical composition specifications listed in the requests.
In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range
of the requested specifications with its statement, "Liquid steel can be continuously cast into slab
form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable
lengths through 480"." These values were converted to metric units using the conversion factor
of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is
limited by the precision of the original values in the calculation. The conversions for thickness
and width were limited to three significant digits, while length was limited to two significant
digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm,
231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The
exclusion requests specify a thickness of 200 mm and width of 1,600 mm, noting "Actual
thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by
plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm.
Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to
207 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of
4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and
certified statements indicate that U.S. Steel can meet a thickness, width, and length within the
range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8294**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8294**

_____**X**_____      I approve denying this exclusion request.

_____      I do not approve denying this exclusion request.

_____      I would like to discuss.

*Eric Longnecker*                                                    __February 6, 2024__

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8294
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8295**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8295**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8130, 2018-0006-8295
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8296**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8296**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____                    <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8135, 2018-0006-8296
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8297**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8297**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker* _____   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8297
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8298**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8298**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

February 6, 2024

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8249, 2018-0006-8298, 2018-0006-18432
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):      AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                  United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8299**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8299**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8254, 2018-0006-8299
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8300**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1425 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8300**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*             **February 6, 2024**

Director, Office of Strategic Industries and Economic Security             Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8260, 2018-0006-8300
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,425 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,425 mm plus or minus 15 mm (1,410 mm to 1,440 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8301**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8301**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security           Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8276, 2018-0006-8301
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8302**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8302**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*   **February 6, 2024**
Director, Office of Strategic Industries and Economic Security   Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8302, 2018-0006-8442
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States,*
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8303**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8303**

| | |
|---|---|
| **X** | I approve denying this exclusion request. |
| | I do not approve denying this exclusion request. |
| | I would like to discuss. |

*Eric Longnecker*
_____                    **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8303, 2018-0006-8368, 2018-0006-23689
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8304**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8304**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker* _____                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8304
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8305**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8305**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: BIS-2018-0006-8305, BIS-2018-0006-8372, 2018-0006-16973
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8307**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8307**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                 Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8307
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8308**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8308**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

__February 6, 2024__
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5319, 2018-0006-8308
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8309**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1125 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8309**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5322, 2018-0006-8309
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,125 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,125 mm plus or minus 15 mm (1,110 mm to 1,140 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8310**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8310**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

February 6, 2024

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8310
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8311**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8311**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**Eric Longnecker**                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security              Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5348, 2018-0006-8311
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8313**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1850 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8313**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

February 6, 2024
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8313
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,850 mm plus or minus 15 mm (1,835 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8314**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8314**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_ _____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8314
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8315**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8315**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_                                                    __February 6, 2024__

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8315
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the
exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been
objected to "the U.S. Department of Commerce will review each exclusion request to determine
whether an article described in an exclusion request meets any of the following three criteria: the
article is not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is
the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current
manufacturer of an identical product to the product in the request. ITA analyzed the objection
and found that U.S. Steel matches the chemical composition specifications listed in the request.
In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range
of the requested specifications with its statement, "Liquid steel can be continuously cast into slab
form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable
lengths through 480"." These values were converted to metric units using the conversion factor
of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is
limited by the precision of the original values in the calculation. The conversions for thickness
and width were limited to three significant digits, while length was limited to two significant
digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm,
231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The
exclusion request specifies a thickness of 225 mm and width of 1,275 mm, noting "Actual
thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by
plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm.
Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to
232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of
4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and
certified statements indicate that U.S. Steel can meet a thickness, width, and length within the
range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8317**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8317**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

**_Eric Longnecker_**                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8317
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8318**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1425 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8318**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8318
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,425 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,425 mm plus or minus 15 mm (1,410 mm to 1,440 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8320**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8320**

_____X_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____

February 6, 2024

Director, Office of Strategic Industries and Economic Security

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8320
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8334**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1860 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 21, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8334**

_____ **X** _____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_Eric Longnecker_ _____                    February 6, 2024
Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8334
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,860 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,860 mm plus or minus 15 mm (1,845 mm to 1,875 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity. Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks. Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8338**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 965 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8338**

_____X_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8338
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 965 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 965 plus or minus 15 mm (950 mm to 980 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8368**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8368**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*        __February 6, 2024__

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8303, 2018-0006-8368, 2018-0006-23689
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8371**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8371**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8371, 2018-0006-17005, 2018-0006-23701
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8372**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8372**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

**February 6, 2024**
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: BIS-2018-0006-8305, BIS-2018-0006-8372, 2018-0006-16973
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8377**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1075 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8377**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

**_Eric Longnecker_**                **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8377
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,075 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,075 mm plus or minus 15 mm (1,060 mm to 1,090 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8380**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8380**

_____**X**_____  I approve denying this exclusion request.

_____  I do not approve denying this exclusion request.

_____  I would like to discuss.

_Eric Longnecker_   __February 6, 2024__
Director, Office of Strategic Industries and Economic Security   Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8380, 2018-0006-16975
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8385**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8385**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8385
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8388**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8388**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8388, 2018-0006-16977
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8391**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1225 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8391**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8391
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                      United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,225 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,225 mm plus or minus 15 mm (1,210 mm to 1,240 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8395**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8395**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker* _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8395, 2018-0006-16991
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8398**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8398**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_** **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5378, 2018-0006-8398, 2018-0006-16995, 2018-0006-23697
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106," and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8401**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8401**

_____**X**_____      I approve denying this exclusion request.

_____      I do not approve denying this exclusion request.

_____      I would like to discuss.

*Eric Longnecker*
_____

**February 6, 2024**

Director, Office of Strategic Industries and Economic Security

Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8401, 2018-0006-16998
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8407**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1350 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8407**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
_____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5382, 2018-0006-8407
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,350 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,350 mm plus or minus 15 mm (1,335 mm to 1,365 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8411**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8411**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8411, 2018-0006-8413, 2018-0006-17003
Requestor:        California Steel Industries, Inc. (CSI)
Objector(s):      AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                  United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8413**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1375 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8413**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Eric Longnecker*                                              **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8411, 2018-0006-8413, 2018-0006-17003
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8424**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1400 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8424**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security   Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5385, 2018-0006-8424
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,400 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,400 mm plus or minus 15 mm (1,385 mm to 1,415 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8429**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1425 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated March 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8429**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*                           **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8429
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,425 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,425 mm plus or minus 15 mm (1,410 mm to 1,440 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

2

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8431**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1450 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated March 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8431**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-8431
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,450 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,450 mm plus or minus 15 mm (1,435 mm to 1,465 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8432**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1475 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8432**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*
_____

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5395, 2018-0006-8432
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,475 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,475 mm plus or minus 15 mm (1,460 mm to 1,490 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8433**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated March 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8433**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_**Eric Longnecker**_ _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8433, 2018-0006-17004
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the
exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been
objected to "the U.S. Department of Commerce will review each exclusion request to determine
whether an article described in an exclusion request meets any of the following three criteria: the
article is not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is
the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current
manufacturer of an identical product to the product in the requests. ITA analyzed the objection
and found that U.S. Steel matches the chemical composition specifications listed in the requests.
In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range
of the requested specifications with its statement, "Liquid steel can be continuously cast into slab
form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable
lengths through 480"." These values were converted to metric units using the conversion factor
of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is
limited by the precision of the original values in the calculation. The conversions for thickness
and width were limited to three significant digits, while length was limited to two significant
digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm,
231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The
exclusion requests specify a thickness of 225 mm and width of 1,550 mm, noting "Actual
thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by
plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm.
Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to
232 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of
4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and
certified statements indicate that U.S. Steel can meet a thickness, width, and length within the
range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-8442**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 200 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-8442**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8302, 2018-0006-8442
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
               United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16971**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16971**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-16971
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the
exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been
objected to "the U.S. Department of Commerce will review each exclusion request to determine
whether an article described in an exclusion request meets any of the following three criteria: the
article is not produced in the United States in a sufficient and reasonably available amount, is not
produced in the United States in a satisfactory quality, or for specific national security
considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis
review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria,
ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is
the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current
manufacturer of an identical product to the product in the request. ITA analyzed the objection
and found that U.S. Steel matches the chemical composition specifications listed in the request.
In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range
of the requested specifications with its statement, "Liquid steel can be continuously cast into slab
form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable
lengths through 480"." These values were converted to metric units using the conversion factor
of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is
limited by the precision of the original values in the calculation. The conversions for thickness
and width were limited to three significant digits, while length was limited to two significant
digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm,
231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The
exclusion request specifies a thickness of 225 mm and width of 1,025 mm, noting "Actual
thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by
plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm.
Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to
232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of
4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and
certified statements indicate that U.S. Steel can meet a thickness, width, and length within the
range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. However, economic factors are not one of the regulatory criteria that form part of ITA's analysis. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16973**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16973**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

**_Eric Longnecker_**                     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security         Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: BIS-2018-0006-8305, BIS-2018-0006-8372, 2018-0006-16973
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

2

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16975**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1100 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16975**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8380, 2018-0006-16975
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                    United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,100 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,100 mm plus or minus 15 mm (1,085 mm to 1,115 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16977**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1150 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16977**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8388, 2018-0006-16977
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,150 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,150 mm plus or minus 15 mm (1,135 mm to 1,165 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16979**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16979**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                                    **February 6, 2024**
Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-16979
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60", and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  See 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id*.  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16991**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16991**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

**_Eric Longnecker_**                              **February 6, 2024**

Director, Office of Strategic Industries and Economic Security            Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8395, 2018-0006-16991
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
             United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16995**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16995**

<u>        **X**        </u>      I approve denying this exclusion request.

<u>                </u>      I do not approve denying this exclusion request.

<u>                </u>      I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5378, 2018-0006-8398, 2018-0006-16995, 2018-0006-23697
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106," and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

3

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-16998**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-16998**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

_Eric Longnecker_        **February 6, 2024**

Director, Office of Strategic Industries and Economic Security   Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8401, 2018-0006-16998
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-17003**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-17003**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*                       **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8411, 2018-0006-8413, 2018-0006-17003
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
           United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities."  *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-17004**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-17004**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

<u>**February 6, 2024**</u>
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8433, 2018-0006-17004
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-17005**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated April 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-17005**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*
Director, Office of Strategic Industries and Economic Security

February 6, 2024
Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8371, 2018-0006-17005, 2018-0006-23701
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18417**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1250 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18417**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*            **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18417
Requestor:     California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,250 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,250 mm plus or minus 15 mm (1,235 mm to 1,265 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks. In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18432**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18432**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*               **February 6, 2024**

Director, Office of Strategic Industries and Economic Security           Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8249, 2018-0006-8298, 2018-0006-18432
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18437**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1300 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18437**

_____X_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

_**Eric Longnecker**_                         **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18437
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,300 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,300 mm plus or minus 15 mm (1,285 mm to 1,315 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18441**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1360 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18441**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*          <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security         Date

International Trade Administration (ITA)
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18441
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,360 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,360 mm plus or minus 15 mm (1,345 mm to 1,375 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab-volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18452**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1550 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18452**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*　　　　　　　　　　__February 6, 2024__

Director, Office of Strategic Industries and Economic Security　　　Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8272, 2018-0006-18452
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 200 mm and width of 1,550 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,550 mm plus or minus 15 mm (1,535 mm to 1,565 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18460**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18460**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____   **February 6, 2024**

Director, Office of Strategic Industries and Economic Security   Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18460
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18465**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1850 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18465**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

_Eric Longnecker_         <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18465
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):   Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,850 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,850 mm plus or minus 15 mm (1,835 mm to 1,865 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18470**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1860 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18470**

_____**X**_____          I approve denying this exclusion request.

_____          I do not approve denying this exclusion request.

_____          I would like to discuss.

*Eric Longnecker* _____     **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18470
Requestor:       California Steel Industries, Inc. (CSI)
Objector(s):     AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                 United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,860 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,860 mm plus or minus 15 mm (1,845 mm to 1,875 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18556**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated February 19, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18556**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker*

Director, Office of Strategic Industries and Economic Security

**February 6, 2024**

Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18556
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico."  However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times.  CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production.  Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18558**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1050 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18558**

| | |
|---|---|
| **X** | I approve denying this exclusion request. |
| | I do not approve denying this exclusion request. |
| | I would like to discuss. |

*Eric Longnecker*                                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18558
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,050 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,050 mm plus or minus 15 mm (1,035 mm to 1,065 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-18560**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, non-alloy, in ordered thickness of 200 mm and ordered width of 1200 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7207120050

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-18560**

_____**X**_____    I approve denying this exclusion request.

_____    I do not approve denying this exclusion request.

_____    I would like to discuss.

*Eric Longnecker*                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security        Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-18560
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. Nucor and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objection filed by Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1 inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 200 mm and width of 1,200 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 200 mm plus or minus 7 mm (193 mm to 207 mm), a width of 1,200 mm plus or minus 15 mm (1,185 mm to 1,215 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-23686**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 855 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900045

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-23686**

_____**X**_____   I approve denying this exclusion request.

_____   I do not approve denying this exclusion request.

_____   I would like to discuss.

*Eric Longnecker* _____          **February 6, 2024**

Director, Office of Strategic Industries and Economic Security          Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Request Under Section 232**

Exclusion Request ID: 2018-0006-23686
Requestor:    California Steel Industries, Inc. (CSI)
Objector(s):   AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
              United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion request. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its request CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of this request. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the request. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the request. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion request specifies a thickness of 225 mm and width of 855 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 855 mm plus or minus 15 mm (840 mm to 870 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion request. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its request and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on this record, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-23689**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1025 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-23689**

| | |
|---|---|
| _____X_____ | I approve denying this exclusion request. |
| _____ | I do not approve denying this exclusion request. |
| _____ | I would like to discuss. |

_Eric Longnecker_          <u>**February 6, 2024**</u>

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8303, 2018-0006-8368, 2018-0006-23689
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,025 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,025 mm plus or minus 15 mm (1,010 mm to 1,040 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product. CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018). "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.* "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume. In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements. CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner. At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-23697**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1275 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-23697**

_____**X**_____     I approve denying this exclusion request.

_____     I do not approve denying this exclusion request.

_____     I would like to discuss.

*Eric Longnecker*                                    **February 6, 2024**

Director, Office of Strategic Industries and Economic Security                    Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-5378, 2018-0006-8398, 2018-0006-16995, 2018-0006-23697
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests.  Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106," and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,275 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,275 mm plus or minus 15 mm (1,260 mm to 1,290 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to

2

bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.

FINAL RESULTS PURSUANT TO COURT REMAND
*California Steel Industries, Inc. v. United States*,
CIT Court No. 21-00015

**BIS Decision Document – Steel Section 232 Remedy Exclusion Request**

**EXCLUSION REQUEST NUMBER: BIS-2018-0006-23701**

**Summary:**

- Requester: California Steel Industries, Inc.
- Product Description: Semi-finished steel slabs, alloy, in ordered thickness of 225 mm and ordered width of 1600 mm, to be processed into flat-rolled products, with chemical composition minimum weight percent and maximum weight percent as described in 3.a of this exclusion request. Actual thickness produced may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm. These tolerances are per industry standards and are accepted by slab users like California Steel Industries, Inc.
- HTSUS: 7224900055

**Analysis:**

On a voluntary remand from the U.S. Court of International Trade, the Bureau of Industry and Security ("BIS") is deciding anew the exclusion request(s), referenced above, to exclude certain steel articles from the remedies (including quantitative limitations and/or duties, as applicable) set forth by the President in Proclamation 9705 of March 8, 2018, as amended, and in Proclamation 9740 of April 30, 2018 and Proclamation 9759 of May 31, 2018 and their accompanying annexes, in exercise of his authority to adjust imports under section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862). Clause 3 of Proclamation 9705 and clause 1 of Proclamation 9777 of August 29, 2018 authorized the Secretary of Commerce to provide relief from duties and quantitative limitations, respectively, upon request by a directly affected party and in consultation with other executive agencies as appropriate, for: 1) any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or 2) based upon specific national security considerations.

The above-captioned request for relief ("exclusion request") has met the requirements for consideration as a "complete submission" under Supplement No. 1 to 15 CFR Part 705.

BIS originally denied the request in a final decision dated May 8, 2019. California Steel filed suit in the U.S. Court of International Trade challenging the denial on January 14, 2021. On September 6, 2023 tthe Court granted the Government's request to conduct a voluntary remand.

BIS has reviewed this request anew and is issuing this remand final decision in accordance with the requirements of Supplement 1 of 15 CFR Part 705 that were in effect at the time BIS made its initial decision, any relevant court remand instructions or procedures, and based on the following administrative record documents: the formal evidence and submissions provided by

the parties during the original administrative proceeding (including the exclusion request and any objections, rebuttals, and surrebuttal filings, and any accompanying supplemental filings and confidential or proprietary business information), BIS's report to the President of January 11, 2018, the recommendation and analysis provided by the International Trade Administration (ITA) for this remand, and any interagency information as applicable to BIS's national security review

In examining this request and evaluating whether the relevant steel article is produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality, the Department of Commerce has fully considered all of the evidence and information submitted to the administrative record. ITA, based upon its review of the record, has provided BIS its remand findings and analysis and recommends denying this request for an exclusion.

BIS, having reviewed the record and ITA's recommendation on remand, adopts ITA's analysis and denial recommendation and finds that no overriding national security concerns require that this exclusion request be granted notwithstanding the recommendation of denial.

In reaching this remand determination, the Department did not directly or indirectly consider or rely upon any *ex parte* or other non-record information that may have been provided by or on behalf of any of the parties. The BIS decisionmaker on remand certifies that he did not participate in and has not relied upon any communications or decisions from the original decision proceedings in forming this decision, and that this remand decision is based exclusively on his independent review and consideration of the remand administrative record referenced above.

**Final Recommendation:**

The Bureau of Industry and Security recommends that the above-captioned exclusion request should be denied. This denial is without prejudice and the requester may file a new exclusion request for this product if, for example, new or different facts or circumstances exist which meet the criteria for approving an exclusion request.

**DECISION ON EXCLUSION REQUEST #BIS-2018-0006-23701**

_____**X**_____        I approve denying this exclusion request.

_____        I do not approve denying this exclusion request.

_____        I would like to discuss.

_Eric Longnecker_            __February 6, 2024__

Director, Office of Strategic Industries and Economic Security      Date

**International Trade Administration (ITA)**
**Recommendation Document for Denial of Steel Exclusion Requests Under Section 232**

Exclusion Request ID: 2018-0006-8371, 2018-0006-17005, 2018-0006-23701
Requestor:      California Steel Industries, Inc. (CSI)
Objector(s):    AK Steel Corporation (AK Steel), Nucor Corporation (Nucor),
                United States Steel Corporation (U.S. Steel)

Recommendation: Denial
Rationale: At least one objector meets the quality, quantity, and timeliness criteria

CSI seeks exclusion for semifinished slab. AK Steel, Nucor, and U.S. Steel objected to the exclusion requests. Pursuant to the relevant regulations, when an exclusion request has been objected to "the U.S. Department of Commerce will review each exclusion request to determine whether an article described in an exclusion request meets any of the following three criteria: the article is not produced in the United States in a sufficient and reasonably available amount, is not produced in the United States in a satisfactory quality, or for specific national security considerations." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i)-(iii) (2018). This ITA analysis review and recommendation is directed at the first two of these criteria.

Because ITA has determined that U.S. Steel meets the quality, quantity, and timeliness criteria, ITA has not evaluated the objections filed by AK Steel or Nucor.

"SATISFACTORY QUALITY" ANALYSIS:

In its requests CSI identifies U.S. Steel as a current manufacturer of the semifinished slab that is the subject of these requests. In its objection, U.S. Steel likewise acknowledges that it is a current manufacturer of an identical product to the product in the requests. ITA analyzed the objection and found that U.S. Steel matches the chemical composition specifications listed in the requests. In addition, U.S. Steel provides dimensional specifications for semifinished slab within the range of the requested specifications with its statement, "Liquid steel can be continuously cast into slab form at 8.00", 8.75", 9.11", 9.60" and 12.00" thicknesses, at widths through 106", and variable lengths through 480"." These values were converted to metric units using the conversion factor of 25.4 (1-inch equals 25.4 mm) and applying the rules of significant digits: the resulting value is limited by the precision of the original values in the calculation. The conversions for thickness and width were limited to three significant digits, while length was limited to two significant digits. Therefore, U.S. Steel reports it can manufacture slab in thicknesses of 203 mm, 222 mm, 231 mm, 244 mm and 305 mm, width up to 2,690 mm and length up to 12,000 mm. The exclusion requests specify a thickness of 225 mm and width of 1,600 mm, noting "Actual thickness products may vary by plus 7 mm, minus 7 mm. Actual width produced may vary by plus 15 mm, minus 15 mm." Finally, CSI specifies a length range of 4,570 mm to 10,975 mm. Therefore, the requested product requires a thickness of 225 mm plus or minus 7 mm (218 mm to 232 mm), a width of 1,600 mm plus or minus 15 mm (1,585 mm to 1,615 mm), and a length of 4,570 mm to 10,975 mm. ITA finds that the evidence included in U.S. Steel's objection and certified statements indicate that U.S. Steel can meet a thickness, width, and length within the range of the requested product.

1

CSI does not dispute and has not provided any information to contradict the certified statements made by U.S. Steel regarding its ability to produce an identical product.  CSI identified U.S. Steel as a qualified supplier of semifinished slab in its exclusion requests. CSI also submitted a rebuttal and rebuttal attachment in which it acknowledges CSI currently purchases the subject slab from U.S. Steel. This finding is further corroborated by U.S. Steel in its surrebuttal and accompanying attachment in which it also acknowledges slab purchase agreements with CSI for the subject product. Based on analysis of the information submitted, ITA finds that U.S. Steel currently produces or could produce an identical product. Therefore, ITA has determined that U.S. Steel meets the quality criterion.

"SUFFICIENT AND REASONABLY AVAILABLE AMOUNT" ANALYSIS:

Pursuant to the applicable regulations, Commerce reviews the record to determine if the requested article is "not produced in the United States in a sufficient and reasonably available amount."  *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  "Not produced in the United States in a sufficient and reasonably available amount" means "that the amount of steel that is needed by the end user requesting the exclusion is not available immediately in the United States to meet its specified business activities." *Id.*  "Immediately" means "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *Id.*

In its objection, U.S. Steel certifies that it can produce within eight weeks 100 percent of the requested volume.  In its requests and rebuttal, CSI asserts that U.S. Steel is not capable of meeting all of its slab volume requirements.  CSI also states that because U.S. Steel's product is not available in sufficient quantity, it cannot be delivered in a timely manner.  At the same time, CSI acknowledges that it has contracted with U.S. Steel for at least a portion of its desired quantity volume, but asserts that U.S. Steel is not capable of meeting all of CSI's slab volume requirements. CSI confirms in the attachment to its rebuttal, that it has a multi-month contract with U.S. Steel which meets 8 to 12 percent of its current volume requirements. U.S. Steel submitted a surrebuttal and accompanying attachment in which U.S. Steel confirms that it has a contractual agreement to supply slabs to CSI, and further notes that it is open to producing additional volume and that the contracted volume represents the maximum that CSI would commit to buy. ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product to meet CSI's specified business activity. In particular, based on the evidence on these records, ITA finds it appropriate to give greater weight to U.S. Steel's statements because U.S. Steel is in the best position to know its own production schedule and abilities to produce the requested product.

CSI acknowledges that U.S. Steel produces the requested product and that its purchases of slab from U.S. Steel have been largely limited due to the geographic distance and high transportation costs between CSI and the plants of U.S. manufacturers. CSI asserts that it "is a healthier company by avoiding the high cost of buying from U.S. Steel, with its significant single-domestic-supplier pricing power, and with the tremendous cost of transporting U.S. Steel slabs west of the Rocky Mountains, a transportation cost about quadruple the cost of ocean freight to bring slabs to the Port of Los Angeles from Brazil or Japan, and ten times the freight cost to

bring slabs from Mexico." However, CSI's economic reasons for not purchasing more of the requested product from U.S. Steel are not among the regulatory criteria that form part of ITA's analysis for granting or denying a request.

With respect to the timeliness criteria, ITA analyzed CSI's submitted evidence and concluded that it was not sufficient to contradict U.S. Steel's certified statements and supporting documentation that U.S. Steel produces or could produce a sufficient amount of the product within eight weeks.  In its rebuttal form, CSI stated "no" in response to the question of whether it was challenging U.S. Steel's manufacture time, and "yes" to delivery times. CSI in its rebuttal form and attachment then argues that because U.S. Steel cannot produce the product in sufficient quantity, it therefore cannot deliver the product in a timely manner. The relevant test under the regulation is "whether a product is currently being produced or could be produced 'within eight weeks' in the amount needed in the business activities of the {requestor}." *See* 15 CFR Part 705, Suppl. 1 at ¶ (c)(6)(i) (2018).  Here, CSI does not contest U.S. Steel's manufacturing time, and challenges only U.S. Steel's delivery times and production capacity.  Therefore, ITA finds that U.S. Steel produces or could produce the product within eight weeks.  Moreover, even if delivery time and production capacity were relevant to ITA's analysis, U.S. Steel submitted in its surrebuttal non-contemporaneous documentation indicating that it could feasibly produce and deliver the requested quantity within eight weeks, and that it possesses additional capacity to increase its production. Based on analysis of the information submitted, ITA finds that U.S. Steel's evidence, consisting of its certified responses and confidential delivery and shipping data, refutes CSI's more-generalized allegations suggesting that U.S. Steel completely lacks available production capacity and an ability to produce and deliver the requested product within eight weeks. Therefore, ITA has determined that U.S. Steel meets the criterion for finding that the requested product is or can be timely produced in the United States in a sufficient and reasonably available amount.