UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

CALIFORNIA STEEL INDUSTRIES, INC.

    Plaintiff,

    – against –

UNITED STATES,

    Defendant.

Court No. 21-00015

## Supplemental Brief

Sanford Litvack
Andrew L. Poplinger
R. Matthew Burke
CHAFFETZ LINDSEY LLP
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax. (212) 257-6950
s.litvack@chaffetzlindsey.com

Counsel for California Steel Industries, Inc.

# TABLE OF CONTENTS

I. *Response to Question 1:* CSI did not fail to exhaust its administrative remedies. ...........................................................2

   A.   Section (c)(6)(i) does not impose an exhaustion requirement or provide adequate relief. .........................................................2

   B.   CSI has followed the procedure in Section (c)(6)(i). .......................5

II. *Response to Question 2:* Remand is not required to allow CSI to exhaust any administrative remedy....................................6

III. Conclusion .....................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Other Authorities**

15 C.F.R. pt. 705, supp. 1 ............................................................. *passim*

*Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum*,
83 Fed. Reg. 46,026 (Sept. 11, 2018) ................................................... 3

# TABLE OF ABBREVIATIONS AND DEFINED TERMS

| | |
|---|---|
| 2018 Requests | 170 requests for exclusion from the Section 232 tariffs submitted by CSI between April 29, 2018 and July 2, 2018 |
| 2020 Requests | 23 requests for exclusion from the Section 232 tariffs submitted by CSI on April 21, 2020 |
| Comments | Remand Comments, ECF No. 103 |
| Commerce | United States Department of Commerce |
| CSI | California Steel Industries, Inc. |
| Defendant | United States |
| Department | United States Department of Commerce |
| Order | Order, dated August 14, 2024, ECF No. 128 |
| Plaintiff | California Steel Industries, Inc. |
| Redeterminations | Remand Results, dated February 9, 2024, ECF No. 94 |
| Reply Comments | CSI's Reply in Further Support of Remand Comments, ECF No. 121 |

Plaintiff California Steel, Inc. ("**CSI**")[1] submits this Supplemental Brief in response to this Court's Order, dated August 14, 2024, ECF No. 128 ("**Order**").

In that Order the Court posed two questions:

1. {W}hether Cal Steel failed to exhaust its administrative remedies by not submitting new exclusion requests referring back to its 45 original requests in light of U.S. Steel's alleged unwillingness or inability to timely supply the slab in sufficient quantities after the agency's denials.

2. {W}hether the court should remand to allow Cal Steel to exhaust its administrative remedies by submitting new exclusion requests referring back to the 45 requests now at issue based on evidence that U.S. Steel was unwilling or unable to timely supply the slab in sufficient quantities after those requests were denied.

Order ¶¶ 2-3.

The answer to the first question is "no" for two independent reasons. First, Section (c)(6)(i) is not an administrative remedy which would reverse the earlier denials and afford CSI the relief it has sought. Second, and more critically, following Commerce's denial of the 2018 Requests, in accordance with Section (c)(6)(i) CSI did in fact submit new exclusion requests (i.e. the 2020 Requests). In those Requests, CSI

---

[1] Terms not defined herein have the meaning assigned in CSI's Comments and in the Table of Abbreviations and Defined Terms, *supra*.

1

referred back to the prior denials and explained that the objectors, including U.S. Steel, were unable to supply the slab sought by CSI after the prior denials. CSI followed the same procedure after the denials of the 2020 Requests.

The answer to the second question is also "no." Since CSI has already availed itself of Section (c)(6)(1), a remand to do so again would serve no useful purpose. Remand is appropriate, however, so that Commerce may address and rectify its arbitrary and capricious decision-making when rendering the Redeterminations by, among other things, failing to consider evidence that, despite their representations, the objectors were unable or unwilling to supply the slab sought following the denials of the 2018 Requests, as set out in more detail in CSI's Comments.

I. *Response to Question 1:* CSI did not fail to exhaust its administrative remedies.

    A.    Section (c)(6)(i) does not impose an exhaustion requirement or provide adequate relief.

Under the Proclamations and regulation implementing the Section 232 tariff scheme, Commerce's denial of CSI's exclusion

requests[2] constituted final agency action. There is no available procedure or remedy at the agency level for CSI to obtain a reversal of those denials.[3] The only remedy available to redress Commerce's wrongful denial of exclusion requests is to seek judicial review of the denials under the APA, which CSI has done.

Section (c)(6)(i) does not provide, and was not intended to provide, an administrative remedy or procedure for a company to have the Department reverse its denial of exclusion requests and repay the tariffs wrongly assessed. Rather, the provision sets forth a process for furnishing evidence to Commerce in support of subsequent requests and specifies how Commerce will treat such evidence. Thus Section (c)(6)(i) states:

> If the Department denies an exclusion request based on a representation made by an objector, which later is determined to be inaccurate (e.g., if the objector was not able to meet the requirement of being able to "immediately" supply the steel

---

[2] The forty-five requests that CSI challenges in the Comments are the subset of requests within the 2018 and 2020 Requests for which CSI paid tariffs and seeks a refund.

[3] *See* Submissions of Exclusion Requests and Objections to Submitted Requests for Steel and Aluminum, 83 Fed. Reg. 46,026, 46,043 (Sept. 11, 2018) (BIS Response to Comment (f)(14)) ("There is no specific appeals process. However, if a request is denied, a party is free to submit another request for exclusion that may provide additional details or information to support the request.").

> that was included in a denied exclusion request in the quantity needed), *the requester may submit a new exclusion request that refers back to the original denied exclusion request and explains that the objector was not able to supply the steel*. The U.S. Department of Commerce would *take that into account in reviewing a subsequent exclusion request*.

15 C.F.R. pt. 705, supp. 1(c)(6)(i) (emphasis added).

As the emphasized language makes clear, when a prior denial is based on an objector's representations, Section (c)(6)(i) permits the requester to file a new request along with evidence showing that the prior objections were "inaccurate." The submissions will not, however, afford any relief from the initial denials. Instead, the regulation commits Commerce to take such evidence "into account in reviewing a *subsequent exclusion request*." *Id.* (emphasis added).

In sum, Section (c)(6)(i) simply recognizes an unfortunate reality—the exclusion procedure Commerce devised is open to abuse by objectors, whose "inaccurate" representations can lead to the wrongful denial of exclusion requests. When that occurs (as it did here), the regulation commits the Department to "take . . . into account" the prior misrepresentations when assessing new objections and determining whether to grant a "subsequent request." *Id.* It does not, however,

provide an agency-level process for reversing the prior denials. That relief can only be obtained from this Court.

### B. CSI has followed the procedure in Section (c)(6)(i).

Following denial of its 2018 Requests, CSI submitted new requests—the 2020 Requests—which explained the history regarding the prior denials and subsequent events. Specifically, consistent with Section (c)(6)(i), CSI explained that it had "previously filed" requests for exclusions from the tariffs for steel slab, and that they "{a}ll were denied based on unsupported objections" from CSI's domestic competitors, including U.S. Steel. APPX22880. CSI pointed out that those competitors represented to the Department that they could and would provide sufficient slab, tariff-free, to CSI from their domestic mills. *Id.*; *see* Comments at 14. CSI further explained that the objectors' representations were not true because, following denial of the 2018 Requests, CSI still could not obtain the slab it needed from any of the domestic producers. APPX22884-APPX22888; Comments at 14.

Unfortunately, notwithstanding the requirement in Section (c)(6)(i), Commerce failed to "take . . . into account" CSI's evidence that the objectors were "not able to supply the steel" following the

5

Department's denial of CSI's requests. *See* 15 C.F.R. pt. 705, supp. 1(c)(6)(i). Instead, ignoring the evidence, Commerce denied CSI's 2020 Requests. Those denials, and the Redeterminations affirming them, were arbitrary and capricious because *inter alia* the Department failed to properly weigh the evidence demonstrating that, following Commerce's denials of CSI's earlier requests, the objectors were unable or unwilling to supply CSI with the quantity of slab it needed. Comments at 29-34; Reply Comments at 23-30.[4]

## II. *Response to Question 2:* Remand is not required to allow CSI to exhaust any administrative remedy.

As there is no administrative remedy to reverse Commerce's wrongful denial of its exclusion requests, and since CSI did utilize the

---

[4] Following denial of the 2020 Requests, CSI continued to require slab that the U.S. industry remained unable to supply. Therefore, between November 21, 2021, and February 1, 2022, CSI submitted 20 new requests for exclusion for steel slab from Japan. Ex. 1. In its submissions, CSI again explained to Commerce that it "previously filed" tariff exclusion requests but that "Commerce denied ALL" the requests based on the representations of the objectors. *E.g.,* Ex. 2 at 2. And again, CSI explained in detail the disparity between "{t}he objectors' promises and the actual results." *Id.* Predictably, U.S. Steel objected, and Commerce denied CSI's requests (except for two, which it finally granted, without explaining what was different from the others). CSI has opted not to challenge the denials of these subsequent requests at this point; nevertheless, we raise them because, although not an exhaustion requirement, the record is clear that CSI has pursued and repeatedly advised Commerce of the consistent inability or unwillingness of the domestic producers to supply it with the slab it needed and Commerce has consistently ignored the evidence, in contravention of its own regulation.

procedure specified in Section (c)(6)(i), there is no need for a remand to permit CSI to follow the same procedure again.

Nevertheless, remand is warranted so that Commerce can do what its regulation requires—consider the evidence CSI submitted showing that the 2018 Requests were denied based on the objectors' misrepresentations and explain why, in light of that evidence, it did not grant the exclusions, and also rectify the other errors identified in CSI's Comments.

## III. Conclusion

In sum, as the Government agrees, Section (c)(6)(i) does not provide CSI with an avenue to reverse Commerce's denial of its exclusion requests. The section, the parties agree, simply allowed CSI to "submit{} new exclusion request{s} that refer{red} back to the original denied exclusion request{s} and explain{ed} that the objector{s} w{ere} not able to supply the steel." *See* 15 C.F.R. pt. 705, supp. 1(c)(6)(i). CSI did precisely that.

However, as set forth in CSI's Comments, despite the multiple Requests from CSI, Commerce has repeatedly and consistently failed to provide any rational explanation of how and why, given the evidence

7

that the objectors' representations were "inaccurate," the Department determined nonetheless to once again deny all CSI's Requests. This arbitrary and capricious decision-making violated the APA.

For the foregoing reasons, CSI respectfully requests that the Court remand the Redeterminations consistent with CSI's Proposed Order, ECF Nos. 105 & 106.

Dated:    New York, New York
             September 6, 2024

Respectfully submitted:

CHAFFETZ LINDSEY LLP
By:  /s/ Sanford Litvack

Sanford Litvack
Andrew L. Poplinger
R. Matthew Burke
1700 Broadway, 33rd Floor
New York, NY 10019
Tel. (212) 257-6960
Fax. (212) 257-6950
s.litvack@chaffetzlindsey.com
a.poplinger@chaffetzlindsey.com
r.m.burke@chaffetzlindsey.com

*Counsel for Plaintiff California Steel Industries, Inc.*

# CERTIFICATE OF COMPLIANCE

Pursuant to Chambers Procedure 2(B)(1), the undersigned certifies that CSI's Supplemental Brief filed on September 6, 2024 complies with the word limitation requirement in the Order. The word count for CSI's Supplemental Brief, as computed by Chaffetz Lindsey LLP's word processing system, is 1,545.

/s/ R. Matthew Burke
R. Matthew Burke
